UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA BROOKS,<br><br>        Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>        Defendants. | Case No. 23-cv-00840-HSG<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Christina Brooks initially filed this action on February 24, 2023. *See* Dkt. No. 1. She filed a second amended complaint on May 8, 2023, against the Director of the California Department of Corrections and Rehabilitation ("CDCR") and an Associate Warden and Lieutenant at Pelican Bay State Prison. Dkt. No. 17. The Court previously directed Plaintiff to effectuate service and granted her several extensions of time to do so. *See* Dkt. Nos. 14, 28, 35. Plaintiff had until October 13 to complete proper service on Defendants and file the proofs of service on the docket. *See* Dkt. No. 35.

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve each defendant with a summons and complaint within ninety days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If a plaintiff fails to do so, the Court, on its own after notice to the plaintiff, "must dismiss the action without prejudice," or order that service be made within a specified time. *Id.* On August 11, 2023, Plaintiff filed proofs of service purporting to reflect that Defendants were served. *See* Dkt. No. 32. As of the date of this order, however, Defendants have not appeared in this action. And in reviewing the proofs of service, Defendants do not appear to have been properly served. The proofs are virtually identical: Defendants appear to have been served by mail through the "OLA Service of Process Team," which Plaintiff suggests has been designated by law to accept service

on behalf of Defendants. *Id.* The Court assumes that Plaintiff is referring to the Office of Legal Affairs. *See id.* at 7. But even assuming the Office of Legal Affairs may accept service on behalf of CDCR, there is no explanation about why Plaintiff believes the office is designated by law to accept service on behalf of these individual Defendants.[1] The address that Plaintiff identifies in her proofs also does not appear affiliated with the Office of Legal Affairs. *Id.*

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why the case should not be dismissed for failure to serve Defendants as required by Rule 4(m). Plaintiff is directed to file her response, of two pages or less, by December 4, 2023.

**IT IS SO ORDERED.**

Dated:   10/31/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] On October 5, 2023, the Clerk declined to enter default as to Defendants for similar reasons, explaining that the proofs of service were insufficient. *See* Dkt. No. 37.