UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | Case No. 23-cv-00840-HSG<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 45, 46 |

Plaintiff Christina Brooks initially filed this action on February 24, 2023. *See* Dkt. No. 1. She filed a second amended complaint on May 8, 2023, against Defendants Connie Gipson, J. Knight, and Robyn Fillipa. Dkt. No. 17. The Court directed Plaintiff to effectuate service and provided multiple extensions of time to do so. *See* Dkt. Nos. 14, 28, 35. On October 31, 2023, the Court issued an order to show cause why the case should not be dismissed for failure to serve Defendants as required under Federal Rule of Civil Procedure 4(m). *See* Dkt. No. 38.

In response, Plaintiff explained why she believed she had served Defendants properly. *See* Dkt. Nos. 41, 42. Despite Plaintiff's urging, the Court found that the record did not demonstrate that she had done so. *See* Dkt. No. 44. In its order, the Court detailed the problems with Plaintiff's attempted service, and even identified a phone number on the website for Office of Legal Affairs for specific service instructions. *Id.* at 2. After encouraging Plaintiff to seek assistance at the Legal Help Center, the Court granted Plaintiff one final extension of time to February 3, 2024, to serve Defendants. *Id.* at 3. The Court directed Plaintiff to file the proofs of service on the docket. *Id*. at 3. The Court denied Plaintiff's request that the U.S. Marshal serve Defendants for her. *See id.* at 3, n.2. The Court cautioned that service was solely Plaintiff's responsibility, and if she was unable to serve Defendants by the February deadline, the Court

would dismiss her case without prejudice under Federal Rule of Civil Procedure 4(m). *Id*. at 3, & n.2.

Plaintiff did not timely file proofs of service on the docket. Instead, she filed a motion again requesting that the Court order the U.S. Marshal serve Defendants on her behalf. *See* Dkt. No. 45 (citing Fed. R. Civ. P. 4(c)(3)). Plaintiff also filed a motion for an extension of time to serve Defendants in the event the Court denied her request for the U.S. Marshal to serve Defendants. *See* Dkt. No. 46. In short, Defendants have not been served and Plaintiff has repeatedly failed to meet court-imposed deadlines.

A court may dismiss an action without prejudice on its own, with notice to the plaintiff, if the defendant has not been properly served within 90 days of the complaint's filing. Fed. R. Civ. P. 4(m). The Court finds that dismissal is warranted under these circumstances. The Court understands the difficulties in litigating a case pro se in federal court. Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds* by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Plaintiff filed this case over a year ago, and despite multiple extensions of time and orders to do so, Plaintiff has still not served Defendants. Rather than follow the Court's orders, Plaintiff has again requested that the U.S. Marshal serve Defendants—a request that the Court previously denied. Given the history of this case, the Court has no reason to believe that with more time Plaintiff would serve Defendants properly.

The Court therefore **DISMISSES** Plaintiff's complaint without prejudice pursuant to Rule 4(m). Plaintiff's motion for service to be effected pursuant to Rule 4(c)(2) and motion for an extension of time are **TERMINATED AS MOOT**. *See* Dkt. Nos. 45, 46. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:   6/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

2